UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McNAIR,

    *Plaintiff*,

v.

COLLIN PRATT; SERGEANT CUNNINGHAM; SERGEANT WYSE; and INSPECTOR MILLER,

    *Defendants*.

_____/

Case No.

Hon.

Solomon M. Radner (P73653)
Attorney for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
(866) 939-2656
sradner@excololaw.com
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, DAVID McNAIR, by and through his attorneys, EXCOLO LAW, PLLC, complaining of Defendants and respectfully alleges as follows:

**JURISDICTION AND VENUE**

1.    This is a civil rights action in which the Plaintiff seeks relief for the violation of rights secured by 42 U.S.C. § 1983 and the Eighth Amendment.

2.    Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

1

3. The events that give rise to this lawsuit took place at the Michigan Reformatory Correctional Facility ("RMI") of the Michigan Department of Corrections ("MDOC").

4. Venue is appropriate in the Western District of Michigan pursuant to 28 U.S.C § 1391(b) since the acts providing the legal basis for this complaint occurred in the City of Ionia, County of Ionia, State of Michigan.

## PARTIES

5. Plaintiff, David McNair ("Plaintiff" or "Mr. McNair"), at all times relevant to this complaint was incarcerated at an MDOC facility, Michigan Reformatory ("RMI"), in Ionia, Michigan.

6. Defendant, Collin Prat ("Pratt"), is employed by the State of Michigan as a correctional officer for the MDOC and was acting under the color of law.

7. Defendant, Sergeant Cunningham ("Cunningham"), is employed by the State of Michigan as a supervisory correctional officer for the MDOC and was acting under the color of law.

8. Defendant, Sergeant Wyse ("Wyse"), is employed by the State of Michigan as a supervisory correctional officer for the MDOC and was acting under the color of law.

9. Defendant, Inspector Miller, is employed by the State of Michigan as an inspector and supervisory correctional officer for the MDOC and was acting under the color of law.

## STATEMENT OF FACTS

10. At all times relevant, Mr. McNair was in the custody of the MDOC and resided at RMI in Ionia, Michigan.

11. At all times relevant, Defendant Pratt was employed by the MDOC.

12. On June 11, 2019, Mr. McNair was walking and speaking with others on the yard. Defendant Pratt accused Mr. McNair of calling him a racial slur. Mr. McNair did not call Defendant Pratt a racial slur.

13. Defendant Pratt commanded Mr. McNair to return to his unit. Mr. McNair responded that he was going to school and would return to his unit after school.

14. Defendant Pratt asked Mr. McNair if he was refusing, and Mr. McNair said no, he would go back as ordered.

15. In response, Defendant Pratt then detained and handcuffed Mr. McNair and took him to segregation. While escorting Mr. McNair, Defendant Pratt was squeezing Mr. McNair's arm tightly.

16. After arriving in segregation, Defendant Pratt slammed Mr. McNair's face into a barred window. Defendant Pratt pressed Mr. McNair's face against the

bars with his forearm behind Mr. McNair's head.  Defendant Pratt told Mr. McNair that if he did not shut up, he was going to "meet the concrete."  Defendant Pratt proceeded to slam Mr. McNair's head on the cement floor causing serious injury to his face and head.

17.  On the date in question, Dana Miller, an inmate at RMI, was working as a segregation porter.  Mr. Miller witnessed the incident.

18.  Mr. Miller explained what occurred to Sgt. Cunningham after the incident.  Cunningham responded, "I don't give a fuck about it," and that he did not want to hear about it.  Another Sergeant, Sgt. Wyse arrived.  Mr. Miller also explained the incident to Wyse, who merely shook his head.

19.  Mr. Miller then explained the incident to Inspector Miller, who responded, "I know we are not having this conversation," multiple times while speaking to Mr. Miller.

20.  Plaintiff suffered harm as a direct result of Defendants actions and inactions.

21.  Upon information and belief, immediately after the incident occurred, Defendant Pratt was escorted off the facility, placed on a stop work order, an eventually fired.

### COUNT I
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Eighth Amendment – Cruel and Unusual Punishment)

**(Against Defendants Pratt, Cunningham, Wyse and Miller)**

22. Plaintiff incorporates herein all prior allegations.

23. At all times relevant herein, Plaintiff had a clearly established right to be protected and free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

24. At all times relevant herein, Defendant was acting under the color of law and was required to obey the laws of the United States.

25. Defendant Pratt's violent attack on Mr. McNair was an exercise of excessive and unreasonable force.

26. Defendant Pratt's attack on Mr. McNair was not used as a good faith effort to maintain or restore order.

27. Defendant Pratt maliciously attacked Mr. McNair for the very purpose of causing harm to him.

28. Defendant Pratt's actions constituted a violation of Plaintiff's right to be free from cruel and unusual punishment in violation of 42 U.S.C. § 1983 and his rights under the Eighth Amendment to the United States constitution to be free from cruel and unusual punishment.

29. As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

30. A supervisor is individually liable under 42 U.S.C. § 1983 is the supervisor implicitly authorized, approved or knowingly acquiesced in unconstitutional conduct, or if he directly participated in the unlawful conduct.

31. Through their words and actions, Defendants Cunningham, Wyse and Miller implicitly authorized and/or approved and/or knowingly acquiesced in Defendant Pratt's conduct, therefore, they are liable as Defendant Pratt's supervisors.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, DAVID MCNAIR, demands judgment and prays for the following relief, jointly and severally, against all Defendants:

    a. Full and fair compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Reasonable attorney's fees and costs of this action; and

    d. Any such other relief as appears just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

                                      Respectfully Submitted,

                                      EXCOLO LAW, PLLC

                                      */s/ Solomon M. Radner*
                                      Solomon M. Radner
                                      Attorney for Plaintiff
                                      26700 Lahser Road, Suite 401
                                      Southfield, MI 48033
                                      (866) 939-2656
Dated: January 27, 2020                sradner@excololaw.com