UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID MCNAIR,

           Plaintiff,           Case No. 1:20-cv-63

v.                                  Honorable Janet T. Neff

COLLIN PRATT et al.,

           Defendants.
_____/

**OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Cunningham, Wyse, and Miller.

**Discussion**

**I.    Factual Allegations**

      Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Michigan Reformatory (RMI) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues MDOC employees: Correctional

Officer Collin Pratt, Sergeant Unknown Cunningham, Sergeant Unknown Wise, and Inspector Unknown Miller.

Plaintiff alleges a series of connected events that occurred on June 11, 2019. First, Defendant Pratt used a racial slur against Plaintiff. Defendant Pratt then commanded Defendant to return to his unit. Plaintiff informed Defendant Pratt that he was headed to school and would return afterward. Defendant Pratt asked if Plaintiff was refusing, and Plaintiff denied refusing and stated that he would return to his unit as ordered.

Defendant Pratt then detained and handcuffed Plaintiff, subsequently taking him to segregation. In the process, Defendant Pratt tightly squeezed Plaintiff's arm. Upon arriving in segregation, Defendant Pratt "slammed [Plaintiff's] face into a barred window," "pressed [Plaintiff's] face against the bars with his forearm behind [Plaintiff's] head," and "slam[med] [Plaintiff's] head on the cement floor causing serious injury to his face and head." (Compl., ECF No. 1, PageID.3-4.)

After the incident, Defendants Cunningham, Wyse, and Miller were all told what happened. Plaintiff alleges that Defendant Cunningham responded, "I don't give a fuck about it" and did not want to hear about it. (*Id.*, PageID.4.) Defendant Wyse only shook his head. Defendant Miller, who was told about the incident by another inmate, responded, "I know we are not having this conversation." (*Id.*) Immediately after the incident, Defendant Pratt "was escorted off the facility, placed on a stop work order, and eventually fired." (*Id.*)

Plaintiff seeks compensatory and punitive damages as well as attorney's fees and costs.

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

2

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

(1994). Plaintiff alleges violations of the prohibition against cruel and unusual punishment under the Eighth Amendment.

### III.     Defendants Cunningham, Wyse, and Miller

Plaintiff fails to make specific factual allegations against Defendants Cunningham, Wyse, and Miller, other than his claims that they presumably acted with indifference after the incident.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff alleges that Defendants Cunninham, Wyse, and Miller did little in response to reports of Plaintiff's incident with Defendant Pratt. However, Plaintiff informed Defendants Cunningham, Wyse, and Miller only of Defendant Pratt's *prior* conduct. Plaintiff does not allege that he faced an ongoing or prospective risk. Contrary to Plaintiff's assertions, he has not alleged facts suggesting Defendants Cunningham, Wyse, and Miller "implicitly authorized and/or approved and/or knowingly acquiesced in Defendant Pratt's conduct . . . ." (Compl., ECF

No. 1, PageID.6.)  Moreover, despite the allegations suggesting that Defendants Cunningham, Wyse, and Miller failed to act, Plaintiff alleges that Defendant Pratt was quickly removed from the facility and eventually fired.

Thus, Plaintiff has failed to allege that Defendants Cunningham, Wyse, and Miller engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against them.

## IV.  Defendant Pratt

Plaintiff alleges that Defendant Pratt used excessive force in violation of the Eighth Amendment.

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958).  The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain."  *Rhodes*, 452 U.S. at 346.  Among unnecessary and wanton infliction of pain are those that are "totally without penological justification."  *Id.*

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment.  *Rhodes*, 452 U.S. 347.  The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy,* 559 U.S. 34, 37-39 (2010).  Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 6-7; *Wilkins*, 559 U.S. at 37.  In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for

5

application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990). Physical restraints are constitutionally permissible where there is penological justification for their use. *Rhodes*, 452 U.S. at 346; *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996); *Hayes v. Toombs*, No. 91-890, 1994 WL 28606, at * 1 (6th Cir. Feb. 1, 1994); *Rivers v. Pitcher*, No. 95-1167, 1995 WL 603313, at *2 (6th Cir. Oct. 12, 1995).

On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App'x. 579, 582 (6th Cir. 2011). But not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).

There is an objective component and a subjective component to an Eighth Amendment claim of excessive force. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. We ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383

(quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8, (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

Upon initial review, the Court concludes that Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendant Pratt.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Cunningham, Wyse, and Miller will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment excessive force claim against Defendant Pratt remains in the case.

An order consistent with this opinion will be entered.

Dated: February 12, 2020     /s/ Janet T. Neff
                             Janet T. Neff
                             United States District Judge