# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

DAVID McNAIR,

     *Plaintiff*,

                            Case No.: 1:20-cv-00063-JTN-RSK
                            Hon.: Janet T. Neff

v.

COLLIN PRATT; SERGEANT CUNNINGHAM;
SERGEANT WYSE;
and INSPECTOR MILLER,

     *Defendants*.

_____/

| | |
|---|---|
| Solomon M. Radner (P73653) | Matthew T. Tompkins (P62665) |
| Attorney for Plaintiff | Attorney for Defendant Pratt |
| 26700 Lahser Road, Suite 401 | Straub, Seaman & Allen, P.C. |
| Southfield, MI 48033 | 2810 East Beltline Lane NE |
| (866) 939-2656 | Grand Rapids, MI 49525 |
| sradner@excololaw.com | (616) 530 – 6555 |
| | mtompkins@lawssa.com |

_____/

### ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT COLLIN PRATT

     NOW COMES Defendant COLLIN PRATT by and through his attorneys, STRAUB, SEAMAN & ALLEN, P.C., and for their Answer to Plaintiff's Complaint states as follows:

### JURISDICTION AND VENUE

     1.     This is a civil rights action in which the Plaintiff seeks relief for the violation of rights secured by 42 U.S.C. § 1983 and the Eighth Amendment.

**ANSWER: The allegations contained in paragraph 1 are neither admitted nor denied as Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

## STRAUB, SEAMAN & ALLEN, P.C.

1014 MAIN ST., ST. JOSEPH, MI 49085  269.982.1600
2810 EAST BELTLINE LANE NE, GRAND RAPIDS, MI 49525  616.530.6555

2.      Jurisdiction of this Court is found upon 28 U.S.C. § 1331.

**ANSWER: The allegations contained in paragraph 2 are neither admitted nor denied as Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

3.      The events that give rise to this lawsuit took place at the Michigan Reformatory

Correctional Facility ("RMI") of the Michigan Department of Corrections ("MDOC").

**ANSWER: The allegations contained in paragraph 3 are neither admitted nor denied as Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

4.      Venue is appropriate in the Western District of Michigan pursuant to 28 U.S.C

§ 1391(b) since the acts providing the legal basis for this complaint occurred in the City of

Ionia, County of Ionia, State of Michigan.

**ANSWER: The allegations contained in paragraph 4 are neither admitted nor denied as Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

## PARTIES

5.      Plaintiff, David McNair ("Plaintiff" or "Mr. McNair"), at all times relevant to

this complaint was incarcerated at an MDOC facility, Michigan Reformatory ("RMI"), in

Ionia, Michigan.

**ANSWER: The allegations contained in paragraph 5 are neither admitted nor denied as Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

6.      Defendant, Collin Prat ("Pratt"), is employed by the State of Michigan as a

correctional officer for the MDOC and was acting under the color of law.

**ANSWER: Defendant Pratt admits that he is employed by the State of Michigan as a correctional officer for the MDOC and that he acted in accordance with applicable laws,**

**STRAUB, SEAMAN & ALLEN, P.C.**
1014 MAIN ST., ST. JOSEPH, MI 49085  269.982.1600
2810 EAST BELTLINE LANE NE, GRAND RAPIDS, MI 49525  616.530.6555

policy and procedures at the all times relevant to this action.

7.    Defendant, Sergeant Cunningham ("Cunningham"), is employed by the State of Michigan as a supervisory correctional officer for the MDOC and was acting under the color of law.

**ANSWER: Defendant Pratt admits these allegations, upon information and belief.**

8.    Defendant, Sergeant Wyse ("Wyse"), is employed by the State of Michigan as a supervisory correctional officer for the MDOC and was acting under the color of law.

**ANSWER: Defendant Pratt admits these allegations, upon information and belief.**

9.    Defendant, Inspector Miller, is employed by the State of Michigan as an inspector and supervisory correctional officer for the MDOC and was acting under the color of law.

**ANSWER: Defendant Pratt admits these allegations, upon information and belief.**

## STATEMENT OF FACTS

10.    At all times relevant, Mr. McNair was in the custody of the MDOC and resided at RMI in Ionia, Michigan.

**ANSWER: Defendant Pratt admits these allegations, upon information and belief.**

11.    At all times relevant, Defendant Pratt was employed by the MDOC.

**ANSWER: Defendant Pratt admits that he is employed by the State of Michigan as a correctional officer for the MDOC and that he acted in accordance with applicable laws, policy and procedures at the all times relevant to this action.**

12.    On June 11, 2019, Mr. McNair was walking and speaking with others on the yard. Defendant Pratt accused Mr. McNair of calling him a racial slur. Mr. McNair did not call

Defendant Pratt a racial slur.

**ANSWER: Defendant Pratt denies the allegations advanced in paragraph 12 for the reasons that they are untrue.**

13.     Defendant Pratt commanded Mr. McNair to return to his unit. Mr. McNair

responded that he was going to school and would return to his unit after school.

**ANSWER: The allegations contained in paragraph 13 are neither admitted nor denied as Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

14.     Defendant Pratt asked Mr. McNair if he was refusing, and Mr. McNair said no,

he would go back as ordered.

**ANSWER: Defendant Pratt denies the allegations advanced in paragraph 14 for the reasons that they are untrue.**

15.     In response, Defendant Pratt then detained and handcuffed Mr. McNair and took

him to segregation. While escorting Mr. McNair, Defendant Pratt was squeezing Mr.

McNair's arm tightly.

**ANSWER: Defendant Pratt denies the allegations advanced in paragraph 15 for the reasons that they are untrue.**

16.     After arriving in segregation, Defendant Pratt slammed Mr.  McNair's face into

a barred window.  Defendant Pratt pressed Mr. McNair's face against the bars with his forearm

behind Mr. McNair's head. Defendant Pratt told Mr. McNair that if he did not shut up, he was

going to "meet the concrete." Defendant Pratt proceeded to slam Mr. McNair's head on the

cement floor causing serious injury to his face and head.

**ANSWER: Defendant Pratt denies the allegations advanced in paragraph 16 for the reasons that they are untrue.**

17.     On the date in question, Dana Miller, an inmate at RMI, was working as a

segregation porter.  Mr. Miller witnessed the incident.

**ANSWER: The allegations contained in paragraph 17 are neither admitted nor denied as Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

18.   Mr. Miller explained what occurred to Sgt. Cunningham after the incident.

Cunningham responded, "I don't give a fuck about it," and that he did not want to hear about

it. Another Sergeant, Sgt. Wyse arrived. Mr. Miller also explained the incident to Wyse, who

merely shook his head.

**ANSWER: The allegations contained in paragraph 18 are neither admitted nor denied as Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

19.   Mr. Miller then explained the incident to Inspector Miller, who responded, "I

know we are not having this conversation," multiple times while speaking to Mr. Miller.

**ANSWER: The allegations contained in paragraph 19 are neither admitted nor denied as Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

20.   Plaintiff suffered harm as a direct result of Defendants actions and inactions.

**ANSWER: The allegations contained in paragraph 20 are neither admitted nor denied as Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

21.   Upon information and belief, immediately after the incident occurred,

Defendant Pratt was escorted off the facility, placed on a stop work order, an eventually fired.

**ANSWER: Defendant Pratt admits only that his employment with the State of Michigan was terminated and later re-hired. Defendant Pratt neither admits nor denies the remaining allegations advanced in paragraph 21 as he lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving plaintiff to his strict proofs.**

**STRAUB, SEAMAN & ALLEN, P.C.**

1014 Main St., St. Joseph, MI 49085  269.982.1600

2810 East Beltline Lane NE, Grand Rapids, MI 49525  616.530.6555

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (Eighth Amendment – Cruel and Unusual Punishment)

### (Against Defendants Pratt, Cunningham, Wyse and Miller)

22.     Defendant Pratt repeats his answers above as if fully set forth herein.

23.     At all times relevant herein, Plaintiff had a clearly established right to be protected and free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

**ANSWER: The allegations contained in paragraph 23 are neither admitted nor denied as Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

24.     At all times relevant herein, Defendant was acting under the color of law and was required to obey the laws of the United States.

**ANSWER: The allegations contained in paragraph 24 are neither admitted nor denied as Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

25.     Defendant Pratt's violent attack on Mr. McNair was an exercise of excessive and unreasonable force.

**ANSWER: Defendant Pratt denies the allegations advanced in paragraph 25 for the reasons that they are untrue.**

26.     Defendant Pratt's attack on Mr. McNair was not used as a good faith effort to maintain or restore order.

**ANSWER: Defendant Pratt denies the allegations advanced in paragraph 26 for the reasons that they are untrue.**

27.     Defendant Pratt maliciously attacked Mr. McNair for the very purpose of

**STRAUB, SEAMAN & ALLEN, P.C.**

1014 MAIN ST., ST. JOSEPH, MI 49085  269.982.1600
2810 EAST BELTLINE LANE NE, GRAND RAPIDS, MI 49525  616.530.6555

causing harm to him.

**ANSWER: Defendant Pratt denies the allegations advanced in paragraph 27 for the reasons that they are untrue.**

28.     Defendant Pratt's actions constituted a violation of Plaintiff's right to be free from cruel and unusual punishment in violation of 42 U.S.C. § 1983 and his rights under the Eighth Amendment to the United States constitution to be free from cruel and unusual punishment.

**ANSWER: Defendant Pratt denies the allegations advanced in paragraph 28 for the reasons that they are untrue.**

29.     As a proximate result of the illegal and unconstitutional acts of the Defendant, Plaintiff was harmed and suffered damages for his mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

**ANSWER: Defendant Pratt denies the allegations advanced in paragraph 29 for the reasons that they are untrue.**

30.     A supervisor is individually liable under 42 U.S.C. § 1983 is the supervisor implicitly authorized, approved or knowingly acquiesced in unconstitutional conduct, or if he directly participated in the unlawful conduct.

**ANSWER: The allegations contained in paragraph 30 are neither admitted nor denied as Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

31.     Through their words and actions, Defendants Cunningham, Wyse and Miller implicitly authorized and/or approved and/or knowingly acquiesced in Defendant Pratt's conduct, therefore, they are liable as Defendant Pratt's supervisors.

**ANSWER: The allegations contained in paragraph 31 are neither admitted nor denied as**

**Defendant Pratt lacks sufficient information upon which to form a belief as to the truth of those allegations contained therein leaving Plaintiff to his strict proofs.**

## REQUESTED
## RELIEF

WHEREFORE, Defendant Pratt respectfully requests that this Honorable Court dismiss the matter herein with prejudice and award Defendant Pratt costs and attorney fees wrongfully incurred in the defense of this action.

Respectfully Submitted,

STRAUB, SEAMAN & ALLEN, P.C.

_/s/ Matthew T. Tompkins_
Matthew T. Tompkins (P62665)
Attorney for Defendant Pratt
2810 East Beltline Lane NE
Grand Rapids MI 49525
Dated: December 23, 2020        (616) 530-6555

**STRAUB, SEAMAN & ALLEN, P.C.**

1014 MAIN ST., ST. JOSEPH, MI 49085  269.982.1600
2810 EAST BELTLINE LANE NE, GRAND RAPIDS, MI 49525  616.530.6555

8