UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MCNAIR #513007,

    Plaintiff,                                        Case No. 1:20–cv–63

vs.                                                Hon. Janet T. Neff

COLLIN PRATT,

    Defendant.
_____/

### ORDER SETTING TELEPHONE RULE 16 SCHEDULING CONFERENCE

A scheduling conference pursuant to FED. R. CIV. P. 16 is hereby scheduled for **May 7, 2021 at 11:00 AM** before Magistrate Judge Ray Kent **by telephone**.  Counsel for plaintiff shall initiate the telephone conference.  Judge's chambers can be reached at (616) 456–2568.

Matters to be Considered at the Scheduling Conference:     The purpose of the scheduling conference is to review the joint status report and to explore methods of expediting the disposition of the action by: establishing early and ongoing case management; discouraging wasteful pretrial activities; establishing limitations on discovery; facilitating the settlement of a case; establishing an early, firm trial date; and improving the quality of the trial through thorough preparation.  **The attorneys handling the matter for trial are required to appear at this conference.**

Presumptive Limitations:     In accordance with Rules 26, 30 and 33 of the Federal Rules of Civil Procedure, the Court requires the following in the absence of good cause for deviation:

    Rule 26(a)(1) disclosures will be required early in the case, with a continuing duty to supplement;

    Rule 26(a)(2) expert witness reports will be required before the close of discovery;

    Interrogatories will be limited to 25 per side and depositions will be limited to 10 per side, each of no more than 7 hours duration.

**If disclosures are required under Rule 26, the Court may preclude the calling of witnesses or the presentation of evidence as a sanction for failure to make timely and complete disclosures. See FED. R. CIV. P. 37(c)(1).**

The Court normally allows six months for discovery, but will consider a shorter or longer period at the scheduling conference.

Meeting of Parties and Preparation of Joint Status Report:   At least seven days before the Rule 16 conference, counsel (or unrepresented parties) shall meet to discuss the following:  the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, the formulation of a discovery plan, and the other topics listed below.   Plaintiff shall be responsible for scheduling the meeting, which may be conducted in person or by telephone.   After the meeting, the parties shall prepare a joint status report which must be e–filed no later than **May 4, 2021**.    The following form shall be used:

    A Rule 16 Scheduling Conference is scheduled for _____, before Hon. Ray Kent.
     Appearing for the parties as counsel will be:

[List the counsel who will attend the scheduling conference.  Counsel for all parties must attend.  Parties not represented by counsel must appear in person.]

1. <u>Jurisdiction</u>:   The basis for the Court's jurisdiction is:

   [Set forth a statement of the basis for the Court's jurisdiction.  Indicate all objections.]

2. <u>Jury or Non–Jury</u>:   This case is to be tried [before a jury] [by the Court as a trier of law and fact].

3. <u>Judicial Availability</u>:   The parties [agree] [do not agree] to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.  [**NOTE TO COUNSEL**:  If the parties consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c) and so state in the joint status report, an Order of Reference will be issued transferring the matter to the magistrate judge and allowing appeals to be taken to the United States Court of Appeals for the Sixth Circuit, in accordance with 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(c).]

4. <u>Statement of the Case</u>:   This case involves:

   [Set forth a brief description of the claims and defenses, sufficient to acquaint the Court with the general nature of the case, as well as the factual and legal issues, **including complexity of each** requiring judicial resolution.  **Are there areas which are not open to dispute?   Is there agreement on non–contested items?**]

5. <u>Prospects of Settlement</u>:   The status of settlement negotiations is:

   [Indicate persons present during negotiations, progress toward settlement, and issues that are obstacles to settlement.] [**State plaintiff's (nonbinding) range of damages.**]

6. <u>Pendent State Claims</u>:   This case [does][does not] include pendent state claims.

   [If pendent state claims are presented, include a statement describing such claims, and all objections to the Court retaining the pendent claims.]

7. <u>Joinder of Parties and Amendment of Pleadings</u>:   The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by _____.

8. <u>Disclosures and Exchanges</u>:

   (a)  FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise.  The parties propose the following schedule for Rule 26(a)(1) disclosures:

   [Set forth a proposed schedule for initial disclosures.]

   (b)  The plaintiff expects to be able to furnish the names of plaintiff's expert witness(es) by _____.  Defendant expects to be able to furnish the names of defendant's expert witness(es) by _____.

   (c)  It [would] [would not] be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2).  Reports, if required, should be exchanged according to the following schedule:

   [Set forth the proposed schedule for exchange of expert witness reports.]

   (d)  The parties have agreed to make available the following documents without the need of a formal request for production:

>   From plaintiff to defendant by \_\_\_\_\_
>   [Describe documents]
>
>   From defendant to plaintiff by \_\_\_\_\_
>   [Describe documents]

                                   – OR –

>   The parties are unable to agree on voluntary production at this time.

9. <u>Discovery</u>:   The parties believe that all discovery proceedings can be completed by \_\_\_\_\_.   The parties recommend the following discovery plan:

   > [As required by FED. R. CIV. P. 26(f), set forth proposed plan of discovery, including subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused on certain issues. Also set forth any recommendations as to limitations on discovery.  Limitations may include the number of depositions, interrogatories, and requests for admissions, or limitations on the scope of discovery pending resolution of dispositive motions or alternative dispute resolution proceedings.   State whether the presumptive time limits for depositions (one day of seven hours) should be modified in this case.   FED. R. CIV. P. 30(d)(1).]

10. <u>Disclosure or Discovery of Electronically Stored Information</u>:   The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

    > [State whether any party has electronically stored information that will be subject to disclosure or discovery and set forth any proposals concerning the form of production.]

11. <u>Assertion of Claims of Privilege or Work–Product Immunity After Production</u>:

    > [State whether the parties have agreed on a procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery.]

12. <u>Motions</u>:   The parties acknowledge that a pre–motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed.   See Judge Neff's <u>Information and Guidelines for Civil Practice</u>, located on this Court's website, www.miwd.uscourts.gov.

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good–faith effort to resolve the dispute.   In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

>   [Set forth all contemplated dispositive motions.]

The parties anticipate that all pre–motion conference requests will be filed by \_\_\_\_\_.

13. <u>Alternative Dispute Resolution</u>:   In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

Indicate what discovery, if any, is needed prior to conducting alternative dispute resolution in order to make alternative dispute resolution most effective.   Indicate a preferred time frame for conducting alternative dispute resolution.

The parties recommend that this case be submitted to the following method(s) of

alternative dispute resolution:

> [Set forth each party's position with respect to the preferred method, if any, of alternative dispute resolution.  Methods used in this district include, but are not limited to, voluntary facilitative mediation (W.D. Mich. LCivR 16.3), early neutral evaluation (W.D. Mich. LCivR 16.4), and case evaluation (MCR 2.403 and W.D. Mich. LCivR 16.5).]
>
> For the local rules regarding all forms of ADR used in this district and for lists of mediators, case evaluators and arbitrators, see the Court's website at www.miwd.uscourts.gov.

14.   <u>Length of Trial</u>:   Counsel estimate the trial will last approximately _____ days total, allocated as follows:   _____ days for plaintiff's case, _____ days for defendant's case, _____ days for other parties.

15.   <u>Electronic Document Filing System</u>:   Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.   *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.   Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

16.   <u>Other</u>:   Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

The joint status report shall be approved and signed by all counsel of record and by any party who represents him or herself.   The report shall be filed by means of the Court's CM/ECF system.

<u>Designation of Magistrate Judge</u>:   This case has been referred to the undersigned for handling of all matters under §636(a) and §636(b)(1)(A) and for submission of recommendations on dispositive motions under §636(b)(1)(B).

<u>Case Manager</u>:   Any question concerning this Order or the scheduling conference should be directed to Faith Hunter Webb, Judicial Assistant to United States Magistrate Judge Ray Kent, (616) 456–2568.

<u>Sanctions</u>:   The failure of a party to participate in submission of the joint status report or to appear or participate in the Rule 16 scheduling conference may result in the imposition of any of the sanctions allowed by Rule 16(f), including dismissal of the action or entry of default, as appropriate.

IT IS SO ORDERED.


Dated:  April 1, 2021                                   __/s/ Ray Kent_____
                                                        RAY KENT
                                                        U.S. Magistrate Judge