**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID McNAIR,

      *Plaintiff*,                                                Case No.: 1:20-cv-00063-JTN-RSK
                                                                     Hon.: Janet T. Neff

v.

COLLIN PRATT; SERGEANT CUNNINGHAM;
SERGEANT WYSE;
and INSPECTOR MILLER,

      *Defendants*.

_____/

| Keith Altman (P81702) | Matthew T. Tompkins (P62665) |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant Pratt |
| The Law Office of Keith Altman | Straub, Seaman & Allen, P.C. |
| 33228 W 12 Mile Road, Suite 375 | 2810 East Beltline Lane NE |
| Farmington Hills, MI  48331 | Grand Rapids, MI 49525 |
| (516) 456-5885 | (616) 530 – 6555 |
| kaltman@lawampmmt.com | mtompkins@lawssa.com |

_____/

**PROPOSED JOINT STATUS REPORT**

      A Rule 16 Scheduling Conference is scheduled for May 21, 2021 at 10:00 a.m. before the Honorable Magistrate Ray Kent.  Appearing for the parties as counsel will be:  Keith Altman for the Plaintiff and Matthew T. Tompkins for Defendant Pratt.

**1.**     **Jurisdiction**:

      The basis for the Court's jurisdiction is Federal question, 28 USC § 1331, and there is no objection to jurisdiction.

**2.**     **Jury or Non-Jury**:

      This case is to be tried before a jury.

3. **Judicial Availability**:

The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of the Case**:

Defendant's Statement:

Defendant Pratt denies the Plaintiff's allegations. At all times relevant, Defendant Pratt utilized appropriate tactics to restrain and arrest Plaintiff who was acting unlawfully including by repeatedly ignoring direct orders.

5. **Prospects of Settlement**:

The parties have not engaged in the settlement discussions.

6. **Pendent State Claims**:

This case does not include pendent state claims.

7. **Joinder of Parties and Amendment of Pleadings**:

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by July 7, 2021.

8. **Disclosures and Exchanges**:

   a. The parties propose to exchange rule 26(a)(1) disclosures by July 7, 2021.

   b. Defendant expects to be able to furnish the names of Defendant's expert witnesses by August 1, 2021.

   c. It would not be advisable in this case to exchange written expert witness reports as contemplated by FRCP 26(a)(2).

   d. The parties have agreed to make available the following documents without the need of formal request for production:

   From Plaintiff to Defendant by July 7, 2021.

   - Plaintiff's medical records
   - Plaintiff's medical bills

9. **Discovery**:

   The parties believe that all discovery proceedings can be completed by November 8, 2021.  The parties recommend the following discovery plan:

   The parties recommend an open discovery plan, and agree to the presumptive limits for interrogatories and depositions.

10. **Disclosure or Discovery of Electronically Stored Information**:

    The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

    The parties are unaware of any electronically stored information and do not anticipate that there will be any.

11. **Assertion of Claims of Privilege or Work−Product Immunity After Production**:

    The parties acknowledge that certain documents produced during the discovery process are proprietary in nature.  As such, the parties agree that they will stipulate to the entry of a mutually acceptable protective order relating to any proprietary documents produced during discovery.  To the extent necessary, the parties agree that they will prepare and provide a privilege log.  If documents are produced inadvertently and privilege or work-product immunity is later claimed, the party seeking the privilege or immunity shall file a motion to assert the privilege or immunity.

12. **Motions**:

    The parties acknowledge that a pre−motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed.

    The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

    Defendant Pratt respectfully reserves the right to file dispositive motions challenging Plaintiff's claims.

    The parties anticipate that all pre-motion conference requests will be filed by December 7, 2021.

**STRAUB, SEAMAN & ALLEN, P.C.**

1014 MAIN ST., ST. JOSEPH, MI 49085  269.982.1600
2810 EAST BELTLINE LANE NE, GRAND RAPIDS, MI 49525  616.530.6555

13. **Alternative Dispute Resolution**:

In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of alternative dispute resolution. The parties would request that discovery be completed prior to conducting alternative dispute resolution to make the process most effective.  The parties would schedule alternative dispute resolution within 30 days after the close of discovery.

The parties recommend that this case be submitted to the case evaluation process.

14. **Length of Trial**:

The parties anticipate three days for trial.

15. **Electronic Document Filing System**:

Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.  *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper in a form complying with the requirements of the local rules.  Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

16. **Other**:

None.

    Respectfully submitted,

    THE LAW OFFICE OF KEITH ALTMAN

    */s/ Keith Altman w/permission*
    Keith Altman (P81702)
    Attorney for Plaintiff
    33228 W 12 Mile Road, Suite 375
    Farmington Hills, MI  48331

Dated: June 1, 2021    (516) 456-5885

**STRAUB, SEAMAN & ALLEN, P.C.**

1014 MAIN ST., ST. JOSEPH, MI 49085  269.982.1600
2810 EAST BELTLINE LANE NE, GRAND RAPIDS, MI 49525  616.530.6555

                              STRAUB, SEAMAN & ALLEN, P.C.

                              */s/ Matthew T. Tompkins*
                              Matthew T. Tompkins (P62665)
                              Attorney for Defendant Pratt
                              2810 East Beltline Lane NE
                              Grand Rapids MI 49525
Dated: June 1, 2021             (616) 530-6555

**STRAUB, SEAMAN & ALLEN, P.C.**

1014 M<small>AIN</small> S<small>T</small>., S<small>T</small>. J<small>OSEPH</small>, MI 49085  269.982.1600
2810 E<small>AST</small> B<small>ELTLINE</small> L<small>ANE</small> NE, G<small>RAND</small> R<small>APIDS</small>, MI 49525  616.530.6555

5