UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McNAIR,

    *Plaintiff*,

v.

COLLIN PRATT,

    *Defendant*.

Case No.: 1:20-cv-00063-JTN-RSK

Hon.: Janet T. Neff

_____/

| | |
|---|---|
| Keith Altman (P81702) | Matthew T. Tompkins (P62665) |
| Attorney for Plaintiff | Attorney for Defendant Pratt |
| The Law Office of Keith Altman | Straub, Seaman & Allen, P.C. |
| 33228 W 12 Mile Road, Suite 375 | 2810 East Beltline Lane NE |
| Farmington Hills, MI 48331 | Grand Rapids, MI 49525 |
| (516) 456-5885 | (616) 530 – 6555 |
| kaltman@lawampmmt.com | mtompkins@lawssa.com |

Solomon M. Radner (P73653)
Of Counsel to The Law Office of Keith Altman
Attorney for Plaintiff
17515 W Nine Mile Rd., Suite 1175
Southfield, MI 48075
(313) 355-3425
solomon@radnerlawgroup.com

_____/

## **PROPOSED JOINT STATUS REPORT**

    A Rule 16 Scheduling Conference is scheduled for May 10, 2022 at 10:00 a.m. before the Honorable Magistrate Ray Kent. Appearing for the parties as counsel will be: Solomon Radner for the Plaintiff and Matthew T. Tompkins for Defendant Pratt.

1

1. **<u>Jurisdiction</u>**:

   The basis for the Court's jurisdiction is Federal question, 28 USC § 1331, and there is no objection to jurisdiction.

2. **<u>Jury or Non-Jury</u>**:

   This case is to be tried before a jury.

3. **<u>Judicial Availability</u>**:

   The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **<u>Statement of the Case</u>**:

   <u>Plaintiff's Statement:</u>

   On June 11, 2019, while incarcerated at RMI Correctional Facility in Ionia, Michigan, Defendant Pratt used a racial slur against Plaintiff. Defendant Pratt then commanded Defendant to return to his unit. Plaintiff informed Defendant Pratt that he was headed to school and would return afterward. Defendant Pratt asked if Plaintiff was refusing, and Plaintiff denied refusing and stated that he would return to his unit as ordered.

   Defendant Pratt then detained and handcuffed Plaintiff, subsequently taking him to segregation. In the process, Defendant Pratt tightly squeezed Plaintiff's arm. Upon arriving in segregation, Defendant Pratt slammed Plaintiff's face into a barred window, pressed his face against the bars with his forearm behind Plaintiff's head, and slammed his head on the cement floor causing serious injury to his face and head. (Compl., ECF No. 1, PageID. 3-4)

   Immediately after the incident, Defendant Pratt was escorted off the facility, placed on a stop work order, and eventually fired. Plaintiff seeks

compensatory and punitive damages as well as attorney's fees and costs for violations of the Eighth Amendment.

Defendant's Statement:

Defendant Pratt denies the Plaintiff's allegations and relies upon all previously pled affirmative defenses. At all times relevant, Defendant Pratt, to whom qualified immunity attaches, utilized appropriate tactics to restrain and arrest Plaintiff who was acting unlawfully including by repeatedly ignoring direct orders.

5. **Prospects of Settlement**:

The parties have not engaged in the settlement discussions.

6. **Pendent State Claims**:

This case does not include pendent state claims.

7. **Joinder of Parties and Amendment of Pleadings**:

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by July 1, 2022.

8. **Disclosures and Exchanges**:

   a. The parties propose to exchange rule 26(a)(1) disclosures by July 1, 2022.

   b. Plaintiff expects to be able to furnish the names of Plaintiff's expert witnesses by August 1, 2022.

   c. Defendant expects to be able to furnish the names of Defendant's expert witnesses by September 1, 2022.

   d. It would not be advisable in this case to exchange written

       expert witness reports as contemplated by FRCP 26(a)(2).

   e.  The parties have agreed to make available the following documents without the need of formal request for production:

     From Plaintiff to Defendant by July 1, 2022:

- Plaintiff's medical records
- Plaintiff's medical bills

     From Defendant to Plaintiff by July 15, 2022:

- Plaintiff's complete grievance and appeals records and report, to the extent available

9. **Discovery**:

The parties believe that all discovery proceedings can be completed by December 8, 2022. The parties recommend the following discovery plan:

The parties recommend an open discovery plan, and agree to the presumptive limits for interrogatories and depositions.

10. **Disclosure or Discovery of Electronically Stored Information**:

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The parties are unaware of any electronically stored information and do not anticipate that there will be any.

11. **Assertion of Claims of Privilege or Work−Product Immunity After Production**:

The parties acknowledge that certain documents produced during the discovery process are proprietary in nature. As such, the parties agree that they will stipulate to the entry of a mutually acceptable protective order

relating to any proprietary documents produced during discovery. To the extent necessary, the parties agree that they will prepare and provide a privilege log. If documents are produced inadvertently and privilege or work- product immunity is later claimed, the party seeking the privilege or immunity shall file a motion to assert the privilege or immunity.

12. **Motions**:

   The parties acknowledge that a pre−motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed.

   The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

   Defendant Pratt respectfully reserves the right to file dispositive motions challenging Plaintiff's claims.

   The parties anticipate that all pre-motion conference requests will be filed by January 7, 2023.

13. **Alternative Dispute Resolution**:

   In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of alternative dispute resolution. The parties would request that discovery be completed prior to conducting alternative dispute resolution to make the process most effective. The parties would schedule alternative dispute resolution within 30 days after the close of discovery.

   The parties recommend that this case be submitted to the case evaluation process.

Defendant Pratt is not being defended nor indemnified by the State of Michigan in this matter. As such, Defendant Pratt would request that any form of ADR, if the Court is inclined to order same, be conducted by Magistrate Kent at an agreed upon date and time.

14. **Length of Trial**:

The parties anticipate three days for trial.

15. **Electronic Document Filing System**:

Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

16. **Other**:

None.

                                 Respectfully Submitted,

                                 The Law Office of Keith Altman

                                 */s/ Keith Altman*
                                 Keith Altman (P81702)
                                 Attorney for Plaintiff
                                 33228 W 12 Mile Road, Suite 375
                                 Farmington Hills, MI 48331
Dated: May 5, 2022                   (516) 456-5885

|  |  |
|---|---|
|  | /s/ Solomon M. Radner<br>Solomon M. Radner (P73653)<br>Of Counsel to The Law Office of<br>Keith Altman<br>Attorney for Plaintiff<br>17515 W Nine Mile Rd., Suite 1175<br>Southfield, MI 48075 |
| Dated: May 5, 2022 | (313) 355-3425 |
|  | STRAUB, SEAMAN & ALLEN, P.C.<br><br>/s/ Matthew T. Tompkins (w/permission)<br>Matthew T. Tompkins (P62665)<br>Attorney for Defendant Pratt<br>2810 East Beltline Lane NE<br>Grand Rapids MI 49525 |
| Dated: May 5, 2022 | (616) 530-6555 |

## CERTIFICATE OF SERVICE

Undersigned hereby states that on May 5, 2022, he caused the foregoing document to be filed electronically with the United States District Court and that a copy of said document was sent to all parties via their respective counsel of record through the Court's CM/ECF electronic filing system.

/s/ Solomon M. Radner