UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McNAIR,

        Plaintiff,

v.

COLLIN PRATT,

        Defendants.

_____/

Case No. 1:20-cv-63

HON. JANET T. NEFF

## CASE MANAGEMENT ORDER

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| Motions to Join Parties or Amend Pleadings | JULY 1, 2022 |
| Rule 26(a)(1) Disclosures (including lay witnesses)       Both Parties: | JULY 1, 2022 |
| Disclose Name, Address, Area of Expertise and provide a short summary of expected testimony of all testifying experts (Rule 26(a)(2)(A))   Plaintiff:   Defendant: | AUGUST 1, 2022 SEPTEMBER 1, 2022 |
| Voluntary Exchange of Documents | per Joint Status Report |
| Completion of Discovery | DECEMBER 8, 2022 |
| Dispositive Motions | JANUARY 9, 2023 |
| Interrogatories will be limited to: | 25 single part questions |
| Depositions will be limited to: (Fact Witnesses Per Party) | 10 per party |
| Requests for Admission will be limited to: Document Requests will be limited to: | 10 per side 20 per side |
| Settlement Conference   Date:   Time:   Before | JUNE 21, 2023 1:30 pm Hon. Ray Kent |

1.     <u>JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS</u>: All motions for joinder of parties and all motions to amend the pleadings must be filed by the date set forth in the table above.

2.     DISCLOSURES AND EXCHANGES: Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, voluntary exchange of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

3.     DISCOVERY: All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date. Discovery shall proceed regardless of the motions pending before this court. All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery. All depositions must be completed before the close of discovery. Interrogatories will be limited as set forth in the table above. Depositions will be limited as set forth in the table above. There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case. Defendants are hereby authorized take plaintiff's deposition pursuant to Fed. R. Civ. P. 30(a)(2)(B).

4.     MOTIONS:

    a.     Non-dispositive

Non-dispositive motions shall be filed in accordance with W.D. Mich. LCivR. 7.3. They will be referred to a magistrate judge in Grand Rapids, Michigan, pursuant to 28 U.S.C. § 636(b)(1)(A). In accordance with 28 U.S.C. § 471 *et seq.*, it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion. *See* W.D. Mich. LCivR 7.1(d).

    b.     Dispositive

        i.     Dispositive motions must adhere to W.D. Mich. LCivR 7.2. If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, then only those excerpts that are relevant to the motion shall be filed.

        ii.     Oral argument may be requested pursuant to W.D. Mich LCivR 7.2(d). The Court may schedule oral argument or may, in its discretion, dispose of the motion without argument at the end of the briefing schedule. To request oral argument on a motion, state "ORAL ARGUMENT REQUESTED" in the caption and the heading of the brief.

        iii.     In cases where oral argument is heard and counsel wishes to project evidence on the monitors in the courtroom, projection of exhibits is accomplished by using the electronic evidence presentation equipment in the courtroom. The

    evidence presentation allows for the projection of evidence on various monitors located at the bench, the witness stand, the lectern, the jury box, and the counsel tables. This technology eliminates the cumbersome process of handling paper evidence. Counsel planning to use the equipment are encouraged to contact the Court's IT department well in advance of their court proceeding to inquire about training and practice sessions. Practice sessions and testing of the equipment must occur prior to the day of a scheduled court appearance. You may contact the Court's IT department by sending an e-mail to courttech@miwd.uscourts.gov or by calling (616) 456-2523. Information concerning the features of the system are available at the court's website: www.miwd.uscourts.gov (click on *Courtroom Technology* link). *Counsel is also advised to notify chambers - in advance of the motion hearing - of its intentions to use technology resources in the courtroom.*

5.  SETTLEMENT CONFERENCE: The parties are under an ongoing obligation to engage in good faith settlement negotiations. A settlement conference has been scheduled before the magistrate judge as set forth above.

  a. Persons Required to Attend. Unless excused after a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference, accompanied by a representative of the party with full settlement authority. The person with settlement authority must come with authority to accept, without further contact with another person, the settlement demand of the opposing party. In addition, where a party is insured, a representative of the insurer who is authorized to negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand shall also attend. All participants shall be present in person unless **specifically excused by written motion and order** (or otherwise directed) by the Court. W.D. Mich. LCivR 16.6. **The Attorney General's Office shall arrange for the prisoner plaintiff to participate in the settlement conference by video.**

  b. Settlement Letter to Opposing Party. A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals. Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than seven (7) days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. This may lead directly to a settlement. If settlement is not achieved, plaintiff's counsel shall deliver or e-mail copies of these letters to chambers no later than **three business days** before the conference. Letters should be mailed, hand delivered, or emailed to kentmediation@miwd.uscourts.gov. Do not file copies of these letters in the Clerk's Office.

      c.      <u>Confidential Settlement Letter to Court</u>.  In addition, **three business days** before the conference, each party or their attorney shall submit to Judge Kent's chambers a confidential letter concerning settlement. Letters should be mailed, hand delivered, or emailed to kentmediation@miwd.uscourts.gov.  A copy of this letter need not be provided to any other party.  Do not file a copy of this letter in the Clerk's Office. All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer.  The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certification that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses (the letter should not, however, divulge any offer made in the context of a voluntary facilitative mediation); (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances for settlement.  Plaintiff shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

Dated:  May 11, 2022                    /s/ Ray Kent
                                                              RAY KENT
                                                              United States Magistrate Judge