UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID McNAIR,

    *Plaintiff,*   Case No.: 1:20-cv-00063JTN-RSK
                     Hon.: Janet T. Neff

v.

COLLIN PRATT; ~~SERGEANT CUNNINGHAM;~~
~~SERGEANT WYSE; and INSPECTOR MILLER,~~

    *Defendants.*

_____/

| | |
|---|---|
| Keith Altman (P81702) | Matthew T. Tompkins (P62665) |
| Attorney for Plaintiff | Attorney for Defendant Pratt |
| The Law Office of Keith Altman | Straub, Seaman & Allen, P.C. |
| 33228 W 12 Mile Road, Suite 375 | 2810 East Beltline Lane NE |
| Farmington Hills, MI 48331 | Grand Rapids, MI 49525 |
| (516) 456-5885 | (616) 530 – 6555 |
| kaltman@lawampmmt.com | mtompkins@lawssa.com |

Solomon M. Radner (P73653)
Of Counsel for Plaintiff
Radner Law Group, PLLC
17515 W Nine Mile Rd., Suite 1175
Southfield, MI 48075
(313) 355-3425
solomon@radnerlawgroup.com

_____/

## DEFENDANT PRATT'S RULE 26 (a)(1) DISCLOSURES

NOW COMES Defendant COLLIN PRATT ("Defendant") by and through his attorneys, Straub, Seaman & Allen, P.C., and hereby set forth his Rule 26 (a)(1) Disclosures.

### WITNESSES

1. Plaintiff David McNair
   c/o Plaintiff Counsel or Of Counsel

Mr. McNair would be expected to testify as to the circumstances of the subject incident and to his recollection of the same.

2. Defendant Collin Pratt
   c/o Straub, Seaman & Allen, P.C.

Mr. Pratt would be expected to testify as to the circumstances of the subject incident and to his recollection of the same.

3. Any and all witnesses from the Michigan Department of Corrections, including but not limited to:

> a. Sgt. Cunningham
> b. Sgt. Wyse
> c. Inspector Miller
> d. Gregory Skipper
> e. Heidi Washington
> f. Assistant Deputy Director Rapelje
> g. Deputy Director McKee
> h. Kathy Warner
> i. Stephen Marschke
> j. Officer Jose Herrera
> k. Lieutenant Henry
> l. Officer Jamie Hauck
> m. Officer Andrew Higgins
> o. Officer Jacob Clark
> p. Officer Daniel Sprague

Upon information and belief, these individuals have knowledge of the subject incident and would be expected to testify to the same.

4. MDOC Inmate Dana Miller

Upon information and belief, Inmate Miller has knowledge of the subject incident and would be expected to testify to the same.

4. Any and all medical providers of the Plaintiff

## DOCUMENTS

Available grievance and appeals records are being produced in conjunction with this disclosure.

**STRAUB, SEAMAN & ALLEN, P.C.**

1014 Main St., St. Joseph, MI 49085   269.982.1600
2810 East Beltline Lane NE, Grand Rapids, MI 49525   616.530.6555

## DAMAGES CLAIMED

Defendant is not claiming any damages.

## INSURANCE AGREEMENT

Defendant Pratt has not been afforded a defense nor insurance indemnity through the State of Michigan.

Respectfully Submitted,

STRAUB, SEAMAN & ALLEN, P.C.

/s/ Matthew T. Tompkins
Matthew T. Tompkins (P62665)
Attorney for Defendant
2810 East Beltline Lane NE
Grand Rapids MI 49525
(616) 530-6555

Dated: July 1, 2022

# ATTACHMENTS TO DEFENDANT PRATT'S RULE 26 (a)(1) DISCLOSURES



STATE OF MICHIGAN
DEPARTMENT OF CORRECTIONS
LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

October 21, 2020

Collin Pratt
123 Belleview Dr Apt 16.
Ionia, Michigan 48857

Re:     Request for Representation in *McNair 513007 v Pratt 1:20-cv-63*

Dear Mr. Pratt:

This letter is to advise you that your October 19, 2020, request for representation by the Department of Attorney General in the above-referenced lawsuit has been reviewed by the Department of Corrections and the Department of Attorney General, and is denied. In addition, the Department will not pay or reimburse you for any costs, fees, or other monetary compensation that may be entered against you as a result of this litigation.

MCL 691.1408(1) provides that:

> Whenever a claim is made or a civil action is commenced against an officer, employee, or volunteer of a governmental agency for injuries to persons or property caused by negligence of the officer, employee, or volunteer while in the course of employment with or actions on behalf of the governmental agency and while acting within the scope of his or her authority, the governmental agency may pay for, engage, or furnish the services of an attorney to advise the officer, employee, or volunteer as to the claim and to appear for and represent the officer, employee, or volunteer in the action. The governmental agency may compromise, settle, and pay the claim before or after the commencement of a civil action. Whenever a judgment for damages is awarded against an officer, employee, or volunteer of a governmental agency as a result of a civil action for personal injuries or property damage caused by the officer, employee, or volunteer while in the course of employment and while acting within the scope of his or her authority, the governmental agency may indemnify the officer, employee, or volunteer or pay, settle, or compromise the judgment.

Additionally, the Security Unit Agreement between Michigan Corrections Organization and the State of Michigan, Article 22, Section K states:

> Whenever any claim is made or any Civil action is commenced against any employee alleging negligence or other actionable conduct arising out of the employee's state employment, if the employee was in the course of employment at the time of the alleged conduct and had a reasonable basis for believing that the conduct was within the scope of the authority delegated to the employee, the Employer (in cooperation with the Attorney General) shall, at its option, pay for or engage or furnish the services of an attorney to advise the employee as to the claim and to appear for and

represent the employee in the action. No such legal services shall be required in connection with prosecution of a criminal suit against an employee. Nothing in this Section shall require the reimbursement of any employee or insurer for legal services to which the employee is entitled pursuant to any policy of insurance.

Based on a review of the lawsuit and the substantiated work rule violations that directly relate to the allegations contained within the lawsuit, and after consultation with the Department of Attorney General, it has been determined that you are not entitled to representation. Because the Department of Attorney General is not representing you, you should promptly consult with counsel of your choice regarding legal representation.

To appeal this decision, you must promptly submit a written request to Director Heidi Washington outlining the basis of your request for reconsideration.

Sincerely,

Jared Warner, Administrator
Office of Legal Affairs

c:      Department of Attorney General, MDOC Division

Director Heidi Washington,

I, Officer Collin Pratt with the Michigan Department of Corrections, am formally requesting to appeal the Attorney General's decision to not represent me in McNair 513007 v Pratt 1:20-cv-63. I plead with the Attorney General's Office to represent me in this matter. I was, and am now again, an Officer during the incident that took place on June 11,2020 and it was on State grounds. I believe that I acted within policy and acted accordingly given my direct health and safety were at risk. I have been since reinstated as an Officer at the Michigan Reformatory and it is clear that the work rule violations held against me were not egregious enough to uphold my dismissal. Again, I plead with the Attorney General's Office to reconsider its decision to deny me representation in this lawsuit against me.

Respectfully Submitted,

Officer Collin Pratt

H1131230

11/05/20



STATE OF MICHIGAN
DEPARTMENT OF CORRECTIONS
LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

December 7, 2020

Mr. Collin Pratt
PrattC5@michigan.gov

Re: Request for Reconsideration in *McNair v Pratt, et al.*
Western District Docket No. 20-cv-63

Dear Mr. Pratt:

I have reviewed your letter dated November 5, 2020, seeking reconsideration of the decision to deny your request for representation. In consultation with the Attorney General's office, it was determined that based on your prior use of excessive force, which is directly related to the allegations in the lawsuit, you are not eligible for representation nor are you eligible for reimbursement of costs and fees under the collective bargaining agreement or Civil Service rules and regulations. Please see Policy Directive 02.01.102 or your collective bargaining agreement to determine if you have any additional rights.

Sincerely,

Heidi E. Washington
Director

c: Jared Warner, Administrator, Office of Legal Affairs
Gregory Skipper, Warden, Michigan Reformatory

# Michigan Corrections Organization
## Service Employees International Union Local 526M
421 W. Kalamazoo Street, Lansing, MI 48933
Phone (517) 485-3310    Fax (517) 485-3319
www.mco-seiu.org



**LOCAL 526M**
**SEIU**
**Stronger Together**

**MCO Legal Department**
legal@mco-seiu.org
*Jeff Foldie, Legal Director ~ Shawn Davis, Legal Associate*
*Stephanie Short, Grievance Coordinator*

November 23, 2020

Collin Pratt
PO Box 501
Portland, MI  48875

Re:  Grievance No. 07-002-19

Dear Collin:

At a recent MCO Executive Board meeting your grievance concerning your discharge was reviewed for further consideration.

Upon further evaluation, the Executive Board has determined that your grievance will not be filed to arbitration.  The Board based its decision on the enclosed settlement agreement, which they have voted to accept, closing the grievance.

If you have any questions, please call our office at (517) 485-3310.

On behalf of the Executive Board
Sincerely and Fraternally,

*Jeff Foldie*

Jeffrey Foldie
Legal Director

JF:ss
opeiu459afl-cio

cc:  Scott Doesburg, Chief Steward

*Proudly representing correctional and forensic officers*

*Collin Pratt and MDOC – Discipline 02-07-0015-19/Grievance MCO-07-0002-19 - Settlement*

## SETTLEMENT AGREEMENT

Between

Michigan Department of Corrections (MDOC)

and

Michigan Corrections Organization

GRIEVANT NAME: Collin Pratt

Grievance Number: MCO-07-0002-19/Discipline Number: 02-07-0015-19

As a resolution, the aforementioned Parties hereby agree to settle the above grievance based on the conditions set forth herein.

1. The Department agrees to reinstate the grievant as a Corrections Officer E-9 at the Michigan Reformatory effective the pay period beginning November 1, 2020. The grievant's shift and schedule will be determined by management.

2. The grievant is required to contact the human resources office by October 30, 2020 to receive and to provide any information/materials for reinstatement.

3. The grievant's discharge will be converted to a disciplinary suspension with all time off from the time of discharge until the grievant's reinstatement to be recorded as an unpaid disciplinary suspension.

4. The grievant will not be made whole for any lost wages or benefits. However, grievant's sick leave will be restored to the balance grievant had at the time of the discharge.

5. The Union hereby withdraws the above-referenced grievance.

6. Settlement of this grievance does not constitute an admission on the part of the Employer that a violation of the Collective Bargaining Agreement has occurred, nor is it a waiver of any of the contractual rights by the Union.

7. The Parties agree to split any accrued arbitrator fees.

8. This settlement is not precedent setting and shall not be used or referenced in any other matter regardless of similarity.

| | |
|---|---|
| _____ <br> Collin Pratt, Grievant | 10-1-20 <br> Date |
| _____ <br> MCO Legal | 10-14-20 <br> Date |
| _____ <br> Erin Graham, MDOC | 10/15/2020 <br> Date |

Page 1 of 1