UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DAVID McNAIR #513007, | |
| Plaintiff, | NO. 1:20-cv-63 |
| v | HON. JANET NEFF |
| COLIN PRATT, | MAGISTRATE JUDGE RAY KENT |
| Defendant. | |

| | |
|---|---|
| Solomon M. Radner (P73653) | Matthew T. Tompkins (P62665) |
| Radner Law Group, PLLC | Straub, Seaman & Allen, P.C. |
| Attorney for Plaintiff | Attorney for Defendant Pratt |
| 17515 W Nine Mile Rd, Ste 1175 | 2810 E. Beltline Lne, NE |
| Southfield, MI 48226 | Grand Rapids, MI 49525 |
| (313) 355-3425 | (616) 530-6555 |

_____/

**STIPULATED PROTECTIVE ORDER REGARDING
RESPONSE TO SUBPOENA BY NON-PARTY MDOC**

Plaintiff, David McNair #513007, Defendant Colin Pratt, and Non-Party, Michigan Department of Corrections (MDOC), through respective counsel, stipulate and enter into this order to protect against the disclosure of information contained within MDOC personnel file(s), MDOC investigation documents, and MDOC surveillance footage referenced below because the disclosure of such information is potentially harmful to the safety, security, and good order of Michigan's prison system and the safety of MDOC employees.  Accordingly, the Court directs that the below-referenced production shall be subject to the following conditions:

**PRODUCTION**

The MDOC Personnel File of Collin Pratt (including any discipline history), the relevant AIM investigation, and any MDOC surveillance footage are being produced subject to the following terms.

## CONDITIONS OF PRODUCTION

The parties stipulate that good cause exists to limit the disclosure of the MDOC personnel information, investigation information, and surveillance footage contained within these documents and records referenced above to the following conditions:

1. The MDOC personnel file of Collin Pratt will be produced to the parties' counsel only. Before being provided to counsel, the above documents may be subject to redaction, if necessary, of personal identifying information for any individual other than Collin Pratt, including, but not limited to, next-of-kin and beneficiary information. Plaintiff David McNair himself will not be provided and is not allowed to view these documents or be provided any of the information contained within these documents. As it pertains to the plaintiff, only McNair's attorney, Solomon Radner (or his successor), along with associated paralegals and clerical assistants, will be authorized to view the documents. McNair's counsel is permitted to keep and use these documents only for purposes of this litigation. These documents, and information contained within them, are not to be released to the general public. These documents may not be disseminated to or kept by any witness. At the conclusion of this case, all copies of the documents listed above shall either be destroyed or returned to the undersigned Assistant Attorney General

(or successor), for disposition by the MDOC.  Defense Counsel for Pratt agrees to abide by the terms in this paragraph, as it pertains to use for only this case and not disseminating the documents; the personnel records of his client may be shared and viewed by Defendant Colin Pratt.

2. Similarly, the AIM investigation that documents the MDOC's investigation into the relevant actions and dates of this case and accompanying surveillance footage will be produced to counsel for both parties. Counsel for either party is permitted to keep and use these documents only for purposes of this litigation.  These records, and information contained within them, are not to be released to the general public.  These documents may not be disseminated to or kept by any witness.  At the conclusion of this case, all copies of the documents described above shall either be destroyed or returned to the undersigned Assistant Attorney General (or his successor), for disposition by the MDOC.

3. The parties further stipulate that the documents and records identified in the paragraphs above shall only be used in connection with the above-captioned case currently pending in the U.S. District Court of Michigan, Western District, *McNair v. Pratt*, 1:20-cv-00063.  Before either counsel uses these documents in any filing with the court, counsel must give opposing counsel and Non-Party MDOC 14-days written notice.  McNair's counsel may use information pertaining to Collin Pratt contained within the produced documents, only for the purpose of collecting on any judgment issued in Case No. 1:20-cv-00063, without such notice, provided that such information will be kept from public disclosure.

4. Any party may move the Court for an order that the above listed records are to be examined only *in camera* or under other conditions that prevent unnecessary disclosure. On examination, the Court may determine what protection, if any, will be afforded the material in any filing or proceeding.

5. This stipulation and order are intended to protect the confidentiality of these documents and information contained therein, while also facilitating the orderly conclusion of the underlying matter. Production should not be construed in any way as an admission or agreement by any party that the designated disclosure actually constitutes or contains any privileged, confidential, or proprietary information under applicable law. Disclosure of all or part of the above listed documents subject to this Protective Order, does not act as a waiver of any exemption, affirmative defense, ~~or~~ legal argument that may be raised by any party, or any objection to the admissibility of any document produced pursuant to this Protective Order at trial or any hearing. ~~that may be raised by any party.~~

6. Any party to this order may request, and the opposing party and non-party MDOC may agree, that the provisions of this stipulation be waived for one or all of the documents listed above or information contained therein. Any such waiver must be in writing, must be signed by counsel for all parties and non-party MDOC, and must be limited to the particular document(s) or specific information from the document(s), which is specifically identified in such written waiver.

7. This Protective Order, insofar as it restricts the disclosure and use of the above listed documents, continues to be binding throughout and until the

4

conclusion of this action, including all appeals. At the conclusion of this action, including all appeals, the documents disclosed to Plaintiff's counsel and Defendant's counsel during this litigation, including copies, must promptly be returned to counsel for the Non-Party MDOC, or must be destroyed, except as otherwise provided by state or federal law.

IT IS SO ORDERED.

Dated: _____

                        Hon. Janet T. Neff
                        U.S. District Court Judge

Stipulated and Approved for Entry:

/s/Solomon M. Radner         /s/Matthew T. Tompkins

Solomon M. Radner (P73653)         Matthew T. Tompkins (P62665)
Attorney for Plaintiff         Attorney for Def Pratt

/s Sarah R. Robbins

Sarah R. Robbins (P81944)
Assistant Attorney General
Attorney for non-party MDOC

5